# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAHAN SATATI GREEN,

        Petitioner,

v.

        CIVIL NO. 2:19-CV-12929
        HONORABLE VICTORIA A. ROBERTS
        UNITED STATES DISTRICT COURT JUDGE

PATRICK WARREN,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR SUMMARY JUDGMENT, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND MOOTING MOTION FOR BOND PENDING DECISION

Jahan Satati Green, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for two counts of transporting a person for prostitution, Mich. Comp. Laws § 750.459, two counts of accepting the earnings of a prostitute, Mich. Comp. Laws § 750.457, and criminal conspiracy (conducting a criminal enterprise), Mich. Comp. Laws § 750.159i.

For the reasons that follow, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

1

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court.

The conviction was affirmed. *People v. Green*, No. 332835, 2017 WL 6502763 (Mich. Ct. App. Dec. 19, 2017); *reconsideration den*. No. 332835 (Mich.Ct.App. Jan. 30, 2018); *lv. den.,* 503 Mich. 868, 917 N.W.2d 82 (2018), *reconsideration denied,* 503 Mich. 951, 922 N.W.2d 345 (2019).

Petitioner seeks habeas relief on the following grounds: (1) the trial court denied Petitioner a fair trial and due process by failing to instruct the jurors that lack of consideration was an element of the offense of accepting the earnings of a prostitute; Petitioner was denied his right to a fair warning that his conduct was illegal when the Michigan Court of Appeals retroactively applied a new interpretation of the statute and concluded that lack of consideration was not an element of the crime, (2) the trial court denied Petitioner his right to present a defense by omitting the statutory presumed fact element of the crime, (3) the trial court violated Petitioner's right to confrontation by precluding defense counsel from questioning the prosecution witness about her motive for testifying.

## II. Discussion

The petition is subject to dismissal. It contains a claim that was not presented to the state courts.

Petitioner argues as part of his first claim that the Michigan Court of Appeals' holding that lack of consideration was not an element of the charge of accepting the earnings of a prostitute was a novel interpretation of Michigan's prostitution statute. Petitioner argues that the Michigan Court of Appeals violated the case of *Bouie v. City of Columbia,* 378 U.S. 347, 351 (1964), in which the Supreme Court held that the retroactive application of an unforeseeable state court interpretation of a criminal statute violates a defendant's right to due process and to fair warning that his or her conduct is criminal.

Respondent argues that this claim is unexhausted. (ECF No. 9, PageID. 131-32). This Court agrees.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See*

*Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The Court reviewed Defendant-Appellant's Brief on Appeal (ECF No. 10-21, PageID. 1377-1423), the Motion to Remand (ECF No. 10-21, PageID. 1429-31), the Motion for Oral Argument (ECF No. 10-21, PageID. 1472-74), and the Motion for Reconsideration (ECF No. 10-21, PageID. 1319-28) that were all filed in the Michigan Court of Appeals.  The Court reviewed the Application for Leave to Appeal and Memorandum of Law (ECF No. 10-22, PageID. 1488-1503), the Motion for Miscellaneous Relief (ECF No. 10-22, PageID. 1521-26), and the Motion for Reconsideration (ECF No. 10-22, PageID. 1531-36) that were filed in the Michigan Supreme Court. Petitioner did not raise a *Bouie* or fair warning claim in either court.

Petitioner's *Bouie* claim is subject to the exhaustion requirement so long as an available state court remedy exists. *See e.g. Harris v. Booker*, 738 F. Supp. 2d 734, 735 (E.D. Mich. 2010)(citing *Harris v. Booker,* No. 04-CV-74766; 2006 WL 2946771, \* 6 (E.D. Mich. Oct. 16, 2006)); *See also Smith v. Woods,* No. 2:12–CV–14926; 2012 WL 5950369, \* 2 (E.D. Mich. Nov. 28, 2012).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner can exhaust his *Bouie* claim by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Wayne County Circuit Court. *See Wagner v. Smith,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims. *See Rhines v. Weber,* 544 U.S. 269 (2005). Petitioner fails to allege cause for failing to exhaust his fair warning claim; the Court dismisses the petition without prejudice rather than hold it in abeyance. *See e.g. Jones v. Rapelje,* No. 2:08-CV-13286, 2009 WL 2143819, at * 2 (E.D. Mich. July 13, 2009); *Phillips v. Burt,* No. 2:08-13032, 2009 WL 646651, at * 3 (E.D. Mich. Mar. 10, 2009); *Atkins v. Metrish*, No. 06–12420, 2007 WL 2812302, at * 3 (E.D. Mich. Sept. 26, 2007).

There is an equitable remedy available to Petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for writ of habeas corpus with this Court. Petitioner's claim is not plainly meritless. This Court adopts the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*.

The petition is dismissed without prejudice. The one-year limitations period is tolled from September 24, 2019, the date Petitioner filed his petition, until

Petitioner returns to federal court.[1] This tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below in Section IV of the opinion.

Petitioner filed a motion for summary judgment.

The Court is dismissing the petition for writ of habeas corpus; the motion for summary judgment is denied as moot. *See Ortiz v. Williams,* 489 F. Supp. 2d 381, 386 (D. Del. 2007).

### III. Conclusion

The Court dismisses the petition without prejudice.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken,

---

[1] Under the prison mailbox rule, this Court assumes that the petition was filed on September 24, 2019, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that Petitioner's claim is unexhausted. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). Although jurists of reason would not debate the resolution of Petitioner's claim, the issues are not frivolous; an appeal could be taken in good faith. Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### IV. ORDER

**IT IS ORDERED That:**

(1) The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

(2) The one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from September 24, 2019, the date that Petitioner filed his habeas application, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a new habeas petition in the federal court within **thirty (30)** days of the completion of his state post-conviction proceedings.

(3) The motion for summary judgment (ECF No. 11) is **DENIED.**

(4) Petitioner is **DENIED** a certificate of appealability.

(5) Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

(6) The motion for bond pending decision is **MOOT.**



DATED: 8/17/2020

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
UNITED STATES DISTRICT COURT JUDGE