UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAHAN SATATI GREEN,

        Petitioner,

                      CIVIL NO. 2:19-CV-12929
v.                    HONORABLE VICTORIA A. ROBERTS
                      UNITED STATES DISTRICT COURT JUDGE

PATRICK WARREN,

        Respondent.
_____/

**<u>OPINION AND ORDER (1) GRANTING THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 15), (2) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (3) AMENDING THE PETITION FOR WRIT OF HABEAS CORPUS, (4) DENYING THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS, (5) DENYING THE MOTION FOR BOND (ECF No. 16), (6) DENYING THE MOTION FOR A FINDING OF CONTEMPT AND ORDER TO COMPEL COMPLIANCE OF ORDER REQUIRING RESPONSIVE PLEADING (ECF No. 18), (7) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (8) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

      Jahan Satati Green, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition contained an unexhausted claim; it was dismissed without prejudice.

      Petitioner filed a motion for relief from judgment. Petitioner argues that he did not intend to seek habeas relief on the unexhausted claim. The motion is GRANTED. The Clerk of the Court shall reopen the case to the Court's active

1

docket. Petitioner's request to amend the petition and delete the unexhausted claim is GRANTED. The amended petition is DENIED WITH PREJUDICE.

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court of two counts of transporting a person for prostitution, Mich. Comp. Laws § 750.459, two counts of accepting the earnings of a prostitute, Mich. Comp. Laws § 750.457, and criminal conspiracy (conducting a criminal enterprise), Mich. Comp. Laws § 750.159i.

Petitioner operated a prostitution business in Southeast Michigan between 2006 and 2012. Petitioner used emotional manipulation and physical violence and threats to compel several women to engage in acts of prostitution. The women gave money to Petitioner that they earned from acts of prostitution.

The conviction was affirmed. *People v. Green*, No. 332835, 2017 WL 6502763 (Mich. Ct. App. Dec. 19, 2017); *reconsideration den*. No. 332835 (Mich. Ct. App. Jan. 30, 2018); *lv. den.,* 503 Mich. 868, 917 N.W.2d 82 (2018), *reconsideration denied,* 503 Mich. 951, 922 N.W.2d 345 (2019).

Petitioner sought habeas relief on the following grounds: (1) the trial court denied Petitioner a fair trial and due process by failing to instruct the jurors that lack of consideration was an element of the offense of accepting the earnings of a prostitute; Petitioner was denied his right to a fair warning that his conduct was

illegal when the Michigan Court of Appeals retroactively applied a new interpretation of the statute and concluded that lack of consideration was not an element of the crime, (2) the trial court denied Petitioner his right to present a defense by omitting the statutory presumed fact element of the crime, (3) the trial court violated Petitioner's right to confrontation by precluding defense counsel from questioning the prosecution witness about her motive for testifying.

Petitioner's fair warning claim was never exhausted with the state courts; the petition was dismissed without prejudice, so that Petitioner could exhaust this claim with the state courts. *Green v. Warren*, No. 2:19-CV-12929, 2020 WL 4788018 (E.D. Mich. Aug. 17, 2020).

Petitioner filed a motion for relief from judgment. Petitioner argues that he never intended to raise a fair warning claim as part of his instructional error claim.

## II. Discussion

### A. The motion for relief from judgment is GRANTED. The petition for writ of habeas corpus is amended to delete the unexhausted claim. The case is reopened to the Court's active docket.

Petitioner argues in his motion for relief from judgment that he never intended to raise a fair warning claim in his petition for writ of habeas corpus. Petitioner notes that he did not raise this claim in his actual petition and that the fair warning allegation was only included within his attached memorandum of law. Petitioner

3

seeks reinstatement of the habeas petition to be adjudicated only on the claims which were properly exhausted with the state courts.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 F. App'x. 414, 421 (6th Cir. 2005). A federal district court has the power to amend a previously dismissed habeas petition to delete an unexhausted claim and then to reinstate that amended petition to the Court's active docket. *See e.g. Hoffman v. Jones,* 159 F. Supp. 2d 648, 649 (E.D. Mich. 2001). The motion to reinstate the case and to amend the petition to delete the unexhausted claim from the original petition is granted. *Id.* The Clerk of the Court is directed to reopen the petition for writ of habeas corpus to the Court's active docket.

### B. The amended petition is DENIED WITH PREJUDICE.

In his amended petition, Petitioner seeks habeas relief on the following grounds: (1) the trial court denied Petitioner a fair trial and due process by failing to instruct the jurors that lack of consideration was an element of the offense of accepting the earnings of a prostitute, (2) the trial court denied Petitioner his right to present a defense by omitting the statutory presumed fact element of the crime, (3)

the trial court violated Petitioner's right to confrontation by precluding defense counsel from questioning the prosecution witness about her motive for testifying.

### 1. The Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

**2. Claims # 1 and # 2. The jury instruction/right to present a defense claims.**

Petitioner argues that his right to a properly instructed jury and to present a defense was 0violated when the judge gave the jurors a non-standard instruction on the elements of the crime of accepting the earnings of a prostitute without instructing the jurors that lack of consideration is an element of the offense. Petitioner argues that the judge erred in failing to give the jurors Michigan Model Criminal Jury Instruction (M. Crim. JI.) 20.35, which instructs the jurors that lack of consideration is an element of the offense of accepting the earnings of a prostitute.

6

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "[A] necessary corollary of this holding is the rule that a defendant in a criminal

trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." *See Taylor v. Withrow,* 288 F.3d 846, 852 (6th Cir. 2002). A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988).

The United States Supreme Court "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See Lakin v. Stine,* 80 F. App'x. 368, 373 (6th Cir. 2003)(*citing Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86,

(1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. *Id.*

In rejecting Petitioner's claim, the Michigan Court of Appeals noted that there are two ways to commit the crime of accepting earnings from a prostitute under Mich. Comp. Laws § 750.457: (1) Either a person "knowingly accepts, receives, levies, or appropriates any money or valuable thing without consideration of the earnings of any person engaged in prostitution," or (2) a person "knowing a person to be a prostitute ... lives or derives support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of a prostitute[.]" *People v. Green*, 2017 WL 6502763, at * 1. Petitioner was charged under the latter theory of accepting earnings from a prostitute; Petitioner lived or derived support or maintenance from their prostitution earnings, knowing that two of his victims were prostitutes. *Id.* at * 2. The Michigan Court of Appeals determined that M. Crim. JI. 20.35, the jury instruction which Petitioner argues should have been given, "only takes into account defendants who have knowingly accepted, received, levied, or appropriated any money or valuable thing without consideration, as opposed to defendants, such as the defendant in this case, who knowingly accepted money earned through prostitution and used it to live on, or to derive support or maintenance from." *Id.*

The Michigan Court of Appeals concluded that the judge was not required to instruct the jurors on lack of consideration; it is not an element under the second provision of Mich. Comp. Laws § 750.457 which Petitioner was charged with:

> As written, the plain language of MCL 750.457 only requires that the jury evaluate whether consideration was given when a defendant is charged with knowingly accepting, receiving, levying, or appropriating money or valuables from the earnings of prostitutes, with the knowledge that person was a prostitute. In comparison, the statute does not expressly require the jury to consider whether consideration was given when a defendant is charged with living or deriving support or maintenance from the earnings of the prostitution of a prostitute, with the knowledge that person is a prostitute. Had the Legislature intended consideration to be an element of both provisions of the statute, it would have written MCL 750.457 that way. They did not. Because the language of MCL 750.457 is unambiguous, this Court must "presume that the Legislature intended the meaning clearly expressed "[and] no further judicial construction is required or permitted, and the statute must be enforced as written." *People v. Barrera*, 278 Mich. App. 730, 736; 752 N.W.2d 485 (2008)(citation and quotation marks omitted). Accordingly, the trial court was not required to instruct the jury on consideration because it was not an element of the charged offense.
>
> Further, when the non-standard instruction read to the jury is reviewed as a whole, there is no error. *Kowalski*, 489 Mich. at 501. [1] The jury was instructed that the prosecutor must prove beyond a reasonable doubt that defendant lived, or derived maintenance or support, from the earnings of either victim. The jury was further instructed that the prosecutor must prove beyond a reasonable doubt that defendant knew the victims were prostitutes at the time he accepted their earnings, and that defendant further knew that the earnings were received from prostitution.
>
> *People v. Green*, No. 2017 WL 6502763, at * 3.

---

[1] *People v. Kowalski,* 489 Mich. 488, 803 N.W. 2d 200 (2011).

Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur*, 421 U.S. at 690-91. The nature of a particular jury instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). "Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012).

The Michigan Court of Appeals determined that lack of consideration is not an element of accepting the earnings of a prostitute when the defendant is charged with living or deriving support or maintenance from the earnings of the prostitution of a prostitute, with the knowledge that person is a prostitute. The Michigan Court of Appeals found that the instruction given by the trial court accurately reflected Michigan law regarding the elements of accepting the earnings of a prostitute, when the defendant is charged with violating the second provision of the statute; this Court must defer to that determination and cannot question it. *See Seymour v. Walker,* 224 F. 3d 542, 558 (6th Cir. 2000). Petitioner's first and second claims are without merit.

### 3. Claim # 3. The right to confrontation claim.

Petitioner argues his right to a fair trial and to confrontation was violated.

11

The judge would not allow counsel to question one of the victims about her child custody case against Petitioner.

Respondent argues that Petitioner procedurally defaulted this claim by abandoning it on appeal.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals rejected Petitioner's claim, finding the claim and several others to be abandoned:

> As an initial matter, we note that defendant fails to support his evidentiary claims with case law, statutes, or rules of evidence. In fact, for most of defendant's claims, he simply identifies the error without advancing any argument. As noted, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." Therefore, most, if not all, of defendant's claims of evidentiary error are deemed abandoned.

*People v. Green*, 2017 WL 6502763, at * 5 (internal citation omitted).

The Michigan Court of Appeals specifically found Petitioner's impeachment claim to be abandoned because he failed to adequately brief it. *People v. Green*, 2017 WL 6502763, at * 7.

Under Michigan law, "[A]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v. Matuszak*, 263 Mich. App. 42, 59, 687 N.W.2d 342, 353 (2004)(*quoting People v. Watson*, 245 Mich.App. 572, 587, 629 N.W.2d 411 (2001). Such cursory treatment constitutes abandonment of the issue. *Id.* Under Michigan law, a party who fails to develop any argument or cite any authority in support of his or her claim waives appellate review of the issue. *People v. Griffin*, 235 Mich. App. 27, 45, 597 N.W.2d 176 (1999).

A state court conclusion that an issue was waived is considered a procedural default. *See e.g. Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012).

Petitioner waived appellate review of his claim by offering only cursory support for the issue in his appellate brief; Petitioner procedurally defaulted the claim.

Petitioner failed to allege any reasons to excuse his procedural default; it is unnecessary to reach the prejudice issue regarding this claim. *Smith*, 477 U.S. at 533.

Petitioner did not present any new reliable evidence that he is innocent of these crimes; a miscarriage of justice will not occur if the Court declined to review Petitioner's third claim on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002).

**4. The motion for bond is denied.**

Petitioner filed a motion for release on bond.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. Petitioner failed to establish that

he would prevail on the merits of his claims; he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

### 5. The motion for a finding of contempt is denied.

Petitioner filed a motion to hold Respondent in contempt for failing to file certain state court materials with the Rule 5 materials; in the alternative, Petitioner asks this Court to compel production of these materials. Petitioner alleges that Respondent failed to file the Defendant-Appellant's Brief on Appeal or the Prosecutor's Appeal Brief which were filed in the Michigan Court of Appeals or Petitioner's Application For Leave to Appeal which was filed with the Michigan Supreme Court. These materials were provided to this Court by Respondent, along with several *pro se* motions for reconsideration or miscellaneous relief filed by Petitioner. (ECF No. 10-21, PageID. 1319-28, PageID. 1377-1423, 1435-68, ECF No. 10-22, PageID. 1488-1503, 1520-26, 1531-36).

As a general rule, in order to hold a litigant in contempt, the movant must produce clear and convincing evidence which shows that the litigant "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Service Co.,* 340 F. 3d 373, 379 (6th Cir. 2003)(internal quotation omitted). Respondent filed the Rule 5 materials; there is no reason to hold Respondent in contempt. The

15

Rule 5 materials were provided; the motion to order respondent to file the specified Rule 5 materials will be denied. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

### IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

**The Court GRANTS:**

**(1)** The Motion for Relief From Judgment. (ECF No. 15). The case is reinstated to the Court's active docket.

**(2)** Petitioner's request to amend the petition to delete the unexhausted claim.

**The Court DENIES:**

**(1)** The Petition for Writ of Habeas Corpus and a Certificate of Appealability.

**(2)** The motion for bond. (ECF No. 16).

**(3)** The motion for finding of contempt and order to compel compliance requiring responsive pleading. (ECF No. 18).

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                      s/ Victoria A. Roberts
                                      HON. VICTORIA A. ROBERTS
Dated: 10/7/2020                **UNITED STATES DISTRICT JUDGE**