UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAHAN SATATI GREEN,

    Petitioner,

                            CIVIL NO. 2:19-CV-12929
v.                        HONORABLE VICTORIA A. ROBERTS
                            UNITED STATES DISTRICT COURT JUDGE

PATRICK WARREN,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 22), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jahan Satati Green, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition contained an unexhausted claim and was dismissed without prejudice. The Court granted petitioner's request to amend the petition and delete the unexhausted claim. The amended petition was denied with prejudice. *Green v. Warren*, No. 2:19-CV-12929, 2020 WL 5944444 (E.D. Mich. Oct. 7, 2020).

Petitioner filed a Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, must be classified as a second or successive habeas petition under certain circumstances:

1

Motions seeking leave to present: (1) a claim that was omitted from the habeas petition due to mistake or excusable neglect; or (2) newly discovered evidence not presented in the petition; or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, are a "second or successive habeas petition," and require authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).

When a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*, at 532, n. 4.

A motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. U.S.,* 367 F. 3d 74, 82 (2d Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and

the allegations are unsubstantiated. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or initial federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. *See Brooks v. Bobby*, 660 F. 3d 959, 962 (6th Cir. 2011).

Petitioner's Rule 60(b) motion claims alleged defects in the habeas proceeding; it is not a successive habeas petition within the meaning of § 2244(b).

Petitioner argues that his case should have been referred to a Magistrate Judge for a Report and Recommendation; Petitioner asserts this would allow him to file objections to the Report and Recommendation which he was unable to do with this Court's opinion and order.

28 U.S.C. § 636(b)(1)(B) "permits, but does not require, a district judge to designate a magistrate judge to submit proposed findings or recommendations for the disposition of a case." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Thus, "reference to a magistrate judge is entirely discretionary ... [and][t]he litigant has no right to a magistrate judge." *Id.* at 933; *See also Cooper v. Vidor*, 1990 WL

47390, * 1, 900 F.2d 259 (6th Cir. Apr. 16, 1990)(Table). The Court did not err in failing to refer the matter to the Magistrate Judge.

Petitioner argues that this Court failed to address a portion of his first claim.

A Rule 60(b) motion alleging that a district court failed to adjudicate a petitioner's claim does not constitute a second or successive petition; it challenges a defect in the proceedings. *See Tyler v. Anderson,* 749 F.3d 499, 508 (6th Cir. 2014).

Petitioner argues that this Court reframed his first claim as an instructional error claim, when the petition raised the question of "whether or not a fact is necessary to constitute the crime charged" and cited to *In Re Winship* and *Glenn v. Dallman,* 686 F. 2d 418 (6th Cir. 1982)(ECF No. 22, PageID.1751).

Petitioner argued in his first and second claims that his right to a properly instructed jury and to present a defense was violated when the judge gave the jurors a non-standard instruction on the elements of the crime of accepting the earnings of a prostitute without instructing the jurors that lack of consideration is an element of the offense. Petitioner alleged that the judge erred in failing to give the jurors Michigan Model Criminal Jury Instruction (M. Crim. JI.) 20.35, which instructs the jurors that lack of consideration is an element of the offense of accepting the earnings of a prostitute.

4

The Court recognizes that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). "The failure to instruct a jury on an essential element of a crime is error because it deprives the defendant of the right '"to have the jury told what crimes he is actually being tried for and what the essential elements of these crimes are."'" *Glenn v. Dallman*, 686 F.2d 418, 421 (6th Cir. 1982)(internal quotation omitted).

This Court did not ignore Petitioner's claims. The Court was aware that the prosecutor is required to prove the essential elements of a crime beyond a reasonable doubt. The Court was aware that a jury must be instructed on the elements of the charged offense. The Michigan Court of Appeals determined that lack of consideration is not an element of accepting the earnings of a prostitute when the defendant is charged with living or deriving support or maintenance from the earnings of the prostitution of a prostitute, with the knowledge that person is a prostitute. The Michigan Court of Appeals concluded that the instruction given by the trial court accurately reflected Michigan law regarding the elements of accepting the earnings of a prostitute, when the defendant is charged with violating the second provision of the statute. Federal courts are bound by a state court's interpretation of its own laws; this Court deferred to that determination and

rejected petitioner's claims. *Green v. Warren*, 2020 WL 5944444, at * 4. The Court did not reframe or fail to address Petitioner's first or second claims.

Petitioner argues that this Court erred in procedurally defaulting his third claim.

Petitioner's allegation that this Court erred in procedurally defaulting his third claim does not amount to a successive challenge to his conviction; it amounts to an attack on the defect in the habeas proceedings. *See e.g. Franklin v. Jenkins,* 839 F.3d 465, 474 (6th Cir. 2016).

The Michigan Court of Appeals ruled that Petitioner's impeachment claim was abandoned because he failed to adequately brief it. *People v. Green*, 2017 WL 6502763, at * 7. "[A]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v. Matuszak*, 263 Mich. App. 42, 59, 687 N.W.2d 342, 353 (2004)(quoting *People v. Watson*, 245 Mich.App. 572, 587, 629 N.W.2d 411 (2001)). Such cursory treatment constitutes abandonment of the issue. *Id.* Under Michigan law, a party who fails to develop any argument or cite any authority in support of his or her claim waives appellate review of the issue. *People v. Griffin*, 235 Mich. App. 27, 45, 597 N.W.2d 176 (1999).

This Court concluded that Petitioner waived appellate review of his third claim by offering only cursory support for the issue in his appellate brief; Petitioner procedurally defaulted the claim. Petitioner failed to allege any reasons to excuse his procedural default, nor did he offer any new reliable evidence that he is innocent of these crimes to permit this Court to review the claim on the merits. *Green v. Warren*, 2020 WL 5944444, at * 6.

The Court reviewed Petitioner's appellate brief when adjudicating Petitioner's third claim. Petitioner offered no little or no caselaw or argument in support of this claim. (ECF No. 10-21, PageID. 1419-20). Petitioner failed to show that this Court erred in concluding that Petitioner's third claim was defaulted due to the cursory treatment of this issue in Petitioner's appellate brief.

Lastly, Petitioner claims that the State of Michigan failed to provide the Rule 5 materials with the answer.

Petitioner filed a motion to hold Respondent in contempt for failing to file certain state court materials with the Rule 5 materials; in the alternative, Petitioner asked this Court to compel production of these materials. Petitioner alleged that Respondent failed to file the Defendant-Appellant's Brief on Appeal or the Prosecutor's Appeal Brief which were filed in the Michigan Court of Appeals or Petitioner's Application For Leave to Appeal which was filed with the Michigan Supreme Court. The motion was denied since the materials were provided to this

Court by Respondent, along with several *pro se* motions for reconsideration or miscellaneous relief filed by Petitioner. *Green v. Warren*, No. 2:19-CV-12929, 2020 WL 5944444, at *6 (citing ECF No. 10-21, PageID. 1319-28, PageID. 1377-1423, 1435-68, ECF No. 10-22, PageID. 1488-1503, 1520-26, 1531-36)).

Petitioner failed to show any defects in the habeas proceedings; he seeks to relitigate issues already adjudicated by this Court. The Rule 60(b) motion is denied.

The Court denies the Rule 60(b) motion for relief from judgment**.**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the

8

petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F. 3d 924, 926, n. 1 (6th Cir. 2007).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp.

9

2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's Rule 60(b) motion, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## ORDER

**The Court:**

**(1) DENIES** the Motion for Relief From Judgment. (ECF No. 22);

**(2) DENIES** a Certificate of Appealability; and

(3) **GRANTS** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**Dated: 1/4/2021**          **UNITED STATES DISTRICT JUDGE**